## UNITED STATE DISTRICT COURT
## DISTRICT OF CONNECTICUT

 

|  |  |  |
|---|---|---|
| _____ | : | CIVIL ACTION NO: |
| MICHAEL McCOY, | : |  |
|                 Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| JAL EQUITY CORPORATION and | : |  |
|   MARKETING.COM, LLC, | : |  |
|               Defendants. | : |  |
| _____ | : | October 16, 2025 |

## COMPLAINT

### JURISDICTION AND VENUE

1.      This suit is brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 et seq.  The Complaint also contains supplemental state law claims arising out of the same case or controversy as the federal claims.

2.      This Court has original jurisdiction over the plaintiff's federal claims pursuant to 28 U.S.C. §§1331 and 1343.  With respect to the plaintiff's state law claims, this court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that those claims are so related to the federal claims in the action within the court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(c) because this is the district in which the events giving rise to the claims occurred.

**PARTIES**

4.      The plaintiff, Michael McCoy, is a citizen of the United States, residing in New Hartford, Connecticut. His date of birth is July 23, 1957.

5.      Defendant, JAL Equity Corp, is a Nevada corporation with a headquarters located in Sarasota, Florida.  Defendant owns and operates a business known as Marketing.com, which has a facility located in Torrington, Connecticut.

6.      Defendant Marketing.com, LLC, is a Missouri corporation, with a headquarters located in Eureka, Missouri.  Defendant Marketing.com operates a facility located in Torrington, Connecticut.

7.      Defendant Marketing.com is a wholly owned subsidiary of Defendant JA Equity Corp. The plaintiff and other individuals working at the Torrington, Connecticut location are designated as employees of JAL Equity Corp, but Human Resources services are provided by Marketing.com.

8.      Defendants JAL Equity and Marketing.com were joint employers and/or a single integrated entity of the plaintiff and will be referred to herein collectively as the defendant.

9.      The plaintiff has in law and equity satisfied all of the administrative prerequisites necessary to maintain this action.

**FACTS**

10.      The plaintiff began working for the defendant's predecessor business, McCoy Ltd, in about 1974.  McCoy Ltd was sold to the Riberdy family in 1998. The business name was changed to Stratis Visuals in about 2015. Stratis Visuals was purchased by an affiliate of the defendants, Marketing.com, on or about December 13, 2024.  The plaintiff became an employee of the defendant as of that date.

11.     As of the date he was discharged by the defendant, the plaintiff had been employed by the defendant and its predecessor companies for more than 50 years.

12.     At the time the defendant purchased Stratis Visuals the plaintiff was employed in the position of Estimator, Specialized Accounts, a position he had held since 2014.  From 2000 to 2014, the plaintiff's position was Estimating/Purchasing.

13.     As of the date he was discharged by the defendant, the plaintiff had been performing estimator duties and responsibilities for more than 24 years.

14.     From 2000 until he was terminated in February 2025, the plaintiff reported to Andrew Riberdy, who was the President of Stratis Visuals.

15.     During the time the plaintiff was supervised by Riberdy he received only positive feedback for his work and was never disciplined or reprimanded for any reason.

16.     As of January 1, 2025, the defendant employed four estimators covering two Stratis Visuals facilities - one in Connecticut and the others in Delaware.

17.     In about January 2025, the defendant terminated the employment of one of the estimators, who was in his 60s.

18.     The plaintiff was terminated on February 7, 2025. He was 67 years old at that time. The termination letter, which was handed to the plaintiff by Riberdy, was written by a Marketing.com Regional HR Leader.  The letter provided no reason for the decision to terminate the plaintiff's employment.

19.     The two estimators who were retained were approximately 39 years old and 58 years old at the time. Both worked in the Delaware facility while the plaintiff worked in Connecticut.

20.     On information and belief, the defendant knew at the time it terminated the plaintiff that the Delaware facility would be closing. The Delaware plant closing was

announced on February 10, 2025.

21.    On February 14, 2025, the plaintiff, through counsel, asked the defendant for its reasons for selecting the plaintiff for layoff and also requested a copy of the plaintiff's personnel file. The defendant never responded to that email and has not provided any reason for terminating the plaintiff's employment.

22.    A copy of the plaintiff's personnel file was sent to his counsel on June 11, 2025, but it contained no reference to or explanation for the termination of his employment.

23.    At the time of his termination, the plaintiff was the oldest and most experienced estimator employed at Stratis Visuals.

24.    The defendant's decision to terminate the plaintiff's employment was substantially motivated by his age.

**COUNT ONE**  **(Violations of the ADEA)**

1.    The plaintiff hereby repeats, realleges and incorporates by reference paragraphs 1-24 above.

25.    By the above described conduct, the defendant has discriminated against the plaintiff because of his age, in violation of the rights secured to him by the Age Discrimination in Employment Act (ADEA) 29 U.S.C. §621 et seq.

26.    The defendant engaged in the above discriminatory conduct with reckless disregard or indifference to the plaintiff's federally protected rights.

27.    Because of the defendant's illegal conduct, the plaintiff has suffered and continues to suffer a loss of compensation, benefits and other attendant rights, privileges and conditions of employment.

**COUNT TWO (Violations of the Connecticut Fair Employment Practices Act)**

1.     The plaintiff repeats, realleges and incorporates by reference paragraphs 1-27 above.

28.     By the above-described conduct, the defendant has discriminated against the plaintiff because of his age, in violation of the rights secured to him by Conn. Gen. Stat. §§ 46a-58, 46a-60(a)(1), and 46a-100.

29.     Because of the defendant's illegal conduct, the plaintiff has suffered and continues to suffer a loss of compensation, benefits and other attendant rights, privileges and conditions of employment; loss of employment opportunities; and has endured mental and emotional distress and other non-pecuniary losses.

## DEMAND FOR RELIEF

**WHEREFORE**, the plaintiff requests that this Court:

1.      Order the defendant to reinstate the plaintiff to the position he would have reached absent defendant's unlawful conduct or a substantially similar position;

2.      Order the defendant to cease and desist from discriminating against the plaintiff and other employees because of their age;

3.      Order the defendant to make the plaintiff whole for all lost wages and benefits, with interest;

4.      Award the plaintiff liquidated damages under his ADEA claims, pursuant to 29 U.S.C. §626(b);

5.      Award the plaintiff compensatory and punitive damages;

6.      Award the plaintiff reasonable attorneys' fees and costs; and

7.      Award the plaintiff all other legal and equitable relief that the Court deems appropriate.

## **REQUEST FOR TRIAL BY JURY**

      The plaintiff respectfully request a trial by jury as to all claims to which he is entitled.

               THE PLAINTIFF,
               Michael McCoy


By:   /s/ *Gregg D. Adler*

       Gregg D. Adler ct05698
       Livingston, Adler, Pulda, Meiklejohn
        & Kelly, P.C.
       557 Prospect Avenue, 2nd Floor
       Hartford, CT 06105-2922
       (860) 233-9821
       gdadler@lapmk.org